Filed 7/3/24  P. v. J-Weial CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>XAVIER LUMAR J-WEIAL,<br><br>Defendant and Appellant. | F086956<br><br>(Super. Ct. No. SC081440A)<br><br>**OPINION** |

-ooOoo-

APPEAL from an order of the Superior Court of Kern County.  Elizabet Rodriguez, Judge.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Christopher J. Rench and Cameron M. Goodman, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

**INTRODUCTION**

In 2001, a jury convicted defendant Xavier Lumar J-Weial of two counts of second degree robbery (Pen. Code, § 212.5, subd. (c); counts 1 & 2) and found true

enhancement allegations he personally used a firearm (§ 12022.53, subd. (b)), he was armed with a firearm (§ 12022, subd. (a)(1)), and he committed the crimes for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)). In a bifurcated proceeding, defendant admitted he had previously suffered a prior conviction that qualified as a strike (§§ 667, subds. (c)–(j), 1170.12, subds. (a)–(e)) and two prior prison terms (§ 667.5, former subd. (b)). (Undesignated statutory references are to the Penal Code.)

The court originally sentenced defendant to 36 years, comprising an upper term of five years on count 1 doubled to 10 years based on the strike, plus two 10-year terms for the personal firearm use and gang enhancements, a five-year term for the section 667, subdivision (a) enhancement, and one year for one of the prior prison term enhancements. The court stayed one-year terms on the arming enhancement and the other prior prison term enhancement. The court also imposed a concurrent upper term of five years doubled to 10 years on count 2.

In 2023, defendant petitioned for relief pursuant to section 1172.75. At resentencing, the court struck defendant's prison prior enhancement (§ 667.5, former subd. (b)) and the five-year prior serious felony enhancement. It declined to strike defendant's strike prior conviction and resentenced defendant to a 30-year term.

On appeal, defendant argues the court abused its discretion in failing to strike his 10-year personal use of a firearm enhancement and the 10-year gang enhancement. He contends the court erred in finding dismissal of these enhancements would endanger public safety.

We affirm.

## FACTUAL AND PROCEDURAL HISTORY

In 2001, a jury convicted defendant of two counts of second degree robbery (§ 212.5, subd. (c); counts 1 & 2) and found true enhancement allegations he personally used a firearm (§ 12022.53, subd. (b)), a principal was armed with a firearm (§ 12022, subd. (a)(1)), and he committed the crimes for the benefit of a criminal street gang

2.

(§ 186.22, subd. (b)(1)) in connection with his role in a bank robbery. In a bifurcated proceeding, defendant admitted he had previously suffered a prior conviction (a 1994 aggravated robbery conviction from Arkansas) that qualified as a prior strike (§§ 667, subds. (c)–(j), 1170.12, subds. (a)–(e)) and a prior serious felony (§ 667, subd. (a)). He also admitted he had suffered two prior prison terms (§ 667.5, former subd. (b)).

The court originally sentenced defendant to 36 years, comprising an upper term of five years doubled to 10 years based on the strike prior on count 1, plus two 10-year terms for the personal firearm use and gang enhancements, a five-year term for the section 667, subdivision (a) enhancement, and one year for one of the prior prison term enhancements. The court stayed a one-year term on the section 12022, subdivision (a)(1) arming enhancement pursuant to section 12022.53, subdivision (f) and the other prior prison term enhancement pursuant to section 654. The court also imposed a concurrent upper term of five years doubled to 10 years on count 2.

On June 22, 2023, defendant filed a form "Petition to Resentence and Strike Legally Invalid Enhancement (Pen. Code § 1172.75 and SB 483)." (Some capitalization omitted.) The form included check boxes for "Applicable Code Sections," and defendant checked the boxes next to sections 1172.75, 1385, and *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. Under "Sentence Requested," defendant stated as follows:

> "Strike the 667.5(b) enhancement. Dismiss the 667a enhancement which added 5 5 [*sic*] years. The conviction was from 1991. This case was filed on or about 10/16/00. Well over 5 years from the alleged prior. Additionally the enhancements alleged equal over 20 years. P.C. 1385 states that only one enhancement should be used. They should not be over 5 years old, and less than 20 year sentences."

The form also listed the facts of the case as defendant provided:

> "On 9-25-00 Safe One Credit union stated that Peitioner [*sic*] and 2 two [*sic*] other men entered the bank. They were told they could not cash a check they were not member [*sic*]. Petitioner passed a note which stated

3.

'give me your money[.]'  Petitioner told them to hurry up and don't push anything.  He grabbed money out of one drawer and a teller handed him money.  The teller said he showed a handgun.  Shortly thereafter the men left the bank."

The public defender, on defendant's behalf, filed a supplemental motion for a hearing and resentencing pursuant to sections 1172.75 and 1385 and *People v. Superior Court* (*Romero*) on August 21, 2023.  The motion referenced defendant's rehabilitation efforts and stated defendant had "used his time in prison to take classes which will help him find employment outside of prison."  It attached evidence of the programs defendant had completed while incarcerated, including a certificate of completion of "Anger Management," an acknowledgement of his participation in "Celebrate Recovery Inside," and records of the vocational classes he had taken.  It further asserted the "court should exercise its discretion and dismiss the 667(a) as well as the required 667.5(b)."  Defendant filed additional points and authorities on August 25, 2023, and asked the court to dismiss the section 186.22, subdivision (b)(1) gang enhancement.  Defendant argued Assembly Bill No. 333's changes to section 186.22, subdivision (b) are retroactive and his case is no longer final as a result of the resentencing.  He asserted, "the Court should now recall the sentence on the gang enhancement and set the case for a hearing to allow the District Attorney to determine if she wishes to retry the gang enhancement."

The court held a hearing on defendant's petition for relief on September 1, 2023.  At the hearing, defendant's aunt testified regarding defendant's childhood, explaining defendant did not grow up with his mother and never met his father.  He was raised by his grandmother in Arkansas and, after his grandmother passed away, "he got in trouble" for the first time.  Defendant then went to live with his aunt to help her with her son, after which defendant was involved in the instant crime.  Defendant's aunt explained she runs a home for senior citizens and defendant would have his first job with her upon being released.

4.

Defense counsel reiterated the discussion about defendant's past and she discussed the vocational skills defendant had learned in prison. She argued defendant had been in custody for 23 years. He had "matured" while in custody, taken classes, "become a mentor to young inmates," and his ultimate goal was to work for his aunt at the elder care facility. She asserted defendant was 52 years old and had "changed his life"; he was "still young enough to make a difference if he were to be out in the community and help people." She asked the court to dismiss the section 667.5, former subdivision (b) enhancement and the section 667, subdivision (a) enhancement, noting they were for cases that were "well over five years old" at the time defendant committed the instant offense. She also asked the court to "either dismiss outright the gang enhancement or allow the Court to hold a trial regarding what the gang enhancement is and whether or not he's guilty of it" in light of the passage of Assembly Bill No. 333 (2021–2022 Reg. Sess.). She requested the court resentence defendant to the midterm of six years, plus the gun enhancement "for a total of 26 years."

The prosecutor did not object to the striking of the section 667.5, former subdivision (b) enhancement but objected to "striking further enhancements." He asserted defendant was convicted of aggravated robbery in Arkansas and released from custody in 1998. "In three years he picked up this case, which was a robbery with the use of a firearm and benefit of a criminal street gang." He argued this "speaks to the great danger that he poses to the public and to public safety."

The court recalled defendant's original sentence and struck both section 667.5, former subdivision (b) priors. The court then considered section 1385, subdivision (c)(2)(E)—"whether the current offense is connected to prior victimization or childhood trauma." The court noted the testimony that defendant was one of seven children and grew up with his grandmother whom he later lost, but stated "there was no mention of any … trauma." Accordingly, the court did "not find that the defendant's childhood

5.

trauma, if any, … substantially contributed to the defendant's involvement in the commission of the offense."

The court also stated it would not exercise its discretion to strike the prior strike allegation pursuant to *Romero* "based upon the facts of the case and the defendant's criminal history" as outlined in the certified rap sheets. The court noted defendant's criminal history was not long but it "spanned in a range of about three years." It stated he was convicted of a robbery in Los Angeles County in 1991 for which he served time and was released. Then, he committed an aggravated robbery in Arkansas and was sentenced to serve 10 years. Defense counsel clarified that there was no prior robbery from Los Angeles but instead a "theft by receiving" offense from 1990 committed in Little Rock, Arkansas. The court agreed and then stated defendant got out of prison and was on parole and picked up the instant case within a year of being discharged from parole. That is, defendant was discharged from parole on September 25, 1999, and committed the instant offense on September 25, 2000, "exactly a year after he was discharged from parole." The court noted, in "this case, the defendant and his co-defendants committed a robbery of a bank with a gun. The defendant was the one who passed the note to the teller and who brandished the weapon towards one of the tellers. As he was brandishing the weapon, demanding money, his co-defendant then jumped the counter, brandished a weapon to a second teller and also demanded money, and … threatened to kill them if they didn't provide the money. And the parties stole over $10,000. They then fled and led police on a very dangerous high speed chase." For those reasons, the court declined to strike defendant's prior strike.

The court also stated it would not exercise its discretion "to strike multiple enhancements under … Section 1385, subdivision (c)(2)([B])" or "to strike an enhancement that would result in a sentence of over 20 years" pursuant to section 1385, subdivision (c)(2)(C), finding "that dismissal of the enhancements would endanger public safety." The court explained its finding was based on the defendant's "aggravated

6.

robbery out of [Arkansas], and also the facts of the current case where he is committing yet another robbery in this town with a gun." The court held it would "strike the five-year enhancement under … Section 667(a) due to the defendant's rehabilitative efforts, which have been extensive" while he was incarcerated. It denied the request to strike the section 186.22, subdivision (b)(1) gang enhancement. It noted, though the law now requires bifurcation of the gang allegations, "the [d]efense attorney prior to the enactment of [Assembly Bill No.] 333 still had the ability to request a bifurcated trial," "so that request is denied."

The court resentenced defendant on count 1 (§ 212.5, subd. (c)) to the upper term of 10 years, which it selected "based upon the defendant's prior criminal history, and the comments made by the Court previously." The sentence was to be enhanced by 10 years pursuant to section 12022.53, subdivision (b) for the personal use of a firearm enhancement and 10 years pursuant to section 186.22, subdivision (b)(1) for the gang enhancement. The court also imposed a one-year term for the section 12022, subdivision (a)(1) arming enhancement, but ordered it stayed pursuant to section 12022.53, subdivision (f). The court sentenced defendant on count 2 (§ 212.5, subd. (c)) to a concurrent upper term of 10 years plus 10 years each for the section 12022.53, subdivision (b) personal use of a firearm enhancement and the section 186.22, subdivision (b) gang enhancement. It ordered the enhancements on count 2 stayed until successful completion of the sentence imposed in count 1 and permanently thereafter. Accordingly, defendant was resentenced to a total fixed term of 30 years.

## DISCUSSION

### I.     Resentencing Proceedings Under Section 1172.75

In October of 2021, the Governor signed Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill 483), effective on January 1, 2022, which added section 1171.1 to the Penal Code, subsequently renumbered as section 1172.75. This section declares: "Any

sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense … is legally invalid."

Section 1172.75 establishes a mechanism to provide certain affected defendants an avenue for relief from now invalid prison prior enhancements. Subdivision (b) directs the Secretary of the Department of Corrections and Rehabilitation (CDCR) and the correctional administrator of each county to "identify those persons in their custody currently serving a term for a judgment" that includes a now legally invalid prior prison enhancement, and to provide the names of such persons, their dates of birth, and the relevant case numbers or docket numbers to the sentencing court that imposed the enhancement. (§ 1172.75, subd. (b).) After the court receives from the CDCR and county correctional administrator the information included in subdivision (b) of section 1172.75, "the court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a)," and if so, "recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)

When resentencing a defendant under section 1172.75, the court must "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) "The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).)

## II. The Court Had Jurisdiction to Resentence Defendant

In this appeal, defendant challenges the court's order following the resentencing hearing. In their response to defendant's arguments on appeal, the People argue the court lacked jurisdiction to rule on defendant's motion for resentencing pursuant to section 1172.75 below; thus, the resulting order is void. Because the People's argument implicates whether the trial court had jurisdiction to enter the challenged order and, thus, the merits of defendant's claims on appeal, we address their contention first.

The People assert, "the trial court lacked subject matter jurisdiction to resentence appellant because section 1172.75 does not allow a defendant to initiate proceedings with a petition," so we should "reverse the trial court's void judgment." They acknowledge defendant's "name was on a CDCR list of eligible inmates as of June 16, 2022," and that defendant augmented the record in this case with a document from the CDCR dated June 16, 2022, listing inmates convicted in Kern County with sentence enhancements imposed pursuant to section 667.5, former subdivision (b), and/or Health and Safety Code former section 11370.2 that included defendant's name. But they assert "the trial court did not rely on this CDCR list" and "[n]othing supports an assertion that CDCR communicated [defendant's] eligibility to the trial court." They assert this makes this case akin to *People v. Escobedo* (2023) 95 Cal.App.5th 440 and *People v. Burgess* (2022) 86 Cal.App.5th 375, in which the trial court denied the defendant's motion for resentencing pursuant to section 1172.75, and the Court of Appeal concluded the trial court lacked jurisdiction to adjudicate the defendant's motion. They ask us to reverse the judgment on the grounds the trial court had no jurisdiction to render it. We reject the People's contention.

Following briefing by the parties and the filing of the augmented record by defendant, an additional augmented confidential clerk's transcript filed by the clerk of the Superior Court of Kern County establishes the CDCR identified defendant as potentially eligible for resentencing in 2022 and provided this identification to the Superior Court of

9.

Kern County (received Feb. 24, 2022) before the court recalled defendant's sentence and resentenced him pursuant to section 1172.75 in September 2023.

As our court has previously held, "Once the trial court received that identification information from the [CDCR], it had authority over the matter and was statutorily authorized to act." (*People v. Cota* (2023) 97 Cal.App.5th 318, 332–333.) That is, under section 1172.75, subdivision (b), once the CDCR provided this identification to the trial court, "it triggered the trial court's review and resentencing obligations under section 1172.75, subdivision (b) thereby placing the matter within a statutorily authorized exception to the general rule that a trial court has no jurisdiction to modify a final judgment." (*Cota*, at p. 332.) And though section 1172.75 "does not authorize a defendant to seek resentencing on his or her own motion or petition," the filing of such a procedurally unauthorized motion did not deprive "the trial court of the jurisdiction afforded to it by statute to resentence a defendant as mandated by section 1172.75." (*Cota*, at pp. 332, 333.)

Accordingly, we reject the People's argument the trial court lacked jurisdiction to recall and resentence defendant pursuant to section 1172.75.

### III. Court Did Not Abuse Its Discretion in Declining to Strike Defendant's Gang Enhancement or Firearm Enhancement

Defendant argues the court erred in refusing to dismiss his gang enhancement or his section 12022.53 firearm enhancement, asserting there were no aggravating factors other than the concern for public safety that indicated dismissal would not be in furtherance of justice. We reject defendant's contention.

#### A. Standard of Review and Applicable Law

"In 2021, the Legislature enacted Senate Bill No. 81 (2021–2022 Reg. Sess.) (Senate Bill No. 81), which amended section 1385 to specify mitigating circumstances that the trial court should consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice. (Stats. 2021, ch. 721, § 1.)" (*People v.*

10.

*Lipscomb* (2022) 87 Cal.App.5th 9, 16.)  As modified by Senate Bill No. 81, section 1385, subdivision (c) now provides, in part:

> "(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute.

> "(2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present.  Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others."

The mitigating circumstances courts are to consider and afford great weight to in considering whether to strike an enhancement include, but are not limited to, whether "[m]ultiple enhancements are alleged in a single case," and "[t]he application of an enhancement could result in a sentence of over 20 years." (§ 1385, subd. (c)(2)(B) & (C).)  Section 1385, subdivision (c)(4) notes:  "The circumstances listed in paragraph (2) are not exclusive and the court maintains authority to dismiss or strike an enhancement in accordance with subdivision (a)."

We note Senate Bill No. 81 initially codified these provisions under section 1385, subdivision (c)(3)(B) and (C), respectively, but section 1385 was further amended by Assembly Bill No. 200 (2021–2022 Reg. Sess.), effective June 30, 2022, and these provisions were amended to fall under subdivision (c)(2)(B) and (C), respectively.  (Stats. 2022, ch. 58, § 15.)  Pursuant to Senate Bill No. 81, section 1385, subdivision (c)(7) provided:  "This subdivision shall apply to sentencings occurring after the effective date of the act that added this subdivision."  (Stats. 2021, ch. 721, § 1.)  Thereafter, Assembly Bill No. 200 modified subdivision (c)(7) of section 1385 to state:  "This subdivision shall apply to all sentencings occurring after January 1, 2022."  (Stats. 2022, ch. 58, § 15.)

11.

Because Senate Bill No. 81 became effective January 1, 2022, this modification did not result in a substantive change.

A trial court's refusal to exercise its section 1385 discretion to dismiss is reviewed for an abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 373–374.) A trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it. (*Id*. at p. 377.)

### B.    Analysis

Defendant argues the resentencing court abused its discretion in refusing to strike the 10-year gang enhancement or the 10-year firearm enhancement. He asserts the court should have dismissed one of these enhancements in light of section 1385, subdivision (c)(2)(B) and (C), which detail mitigating circumstances supporting dismissal where multiple enhancements are alleged, and where the application of an enhancement could result in a sentence of over 20 years, respectively. He argues, we should conclude there is a rebuttable presumption in favor of dismissal where multiple enhancements are alleged, citing *People v. Walker* (2022) 86 Cal.App.5th 386 (*Walker*), review granted Mar. 22, 2023, S278309, in support. He contends the resentencing court did not discuss any countervailing factors other than the danger to public safety in determining not to dismiss an enhancement in the interest of justice and, he asserts, heavy weight is to be given to the mitigating factors, not to public safety. He argues "[t]his statutory construction coincides with Senator Skinner's reliance on [*People v. ]Martin*[ (1986) 42 Cal.3d 447]," citing a letter written by the author of Senate Bill No. 81 that was printed in the California Senate Journal on September 10, 2021, in which she stated, "I wish to clarify that in establishing the 'great weight' standard in SB 81 for imposition or dismissal of enhancements [… § 1385(c)(2)] it was my intent that this great weight standard be consistent with the case law in [*Martin*]." (Sen. Nancy Skinner, letter to Secretary of the Sen. (Sept. 10, 2021) 121 Sen. J. (2021–2022 Reg. Sess.) p. 2639.) He

contends there were "multiple mitigating circumstances present" here, and there was not "clear and convincing evidence" he "presents a current risk that dismissal would endanger public safety" such that the presumption in favor of dismissal was overcome. The People respond, defendant forfeited any claim the trial court erred in failing to strike the firearm enhancement by failing to object below. Rather, he only requested dismissal of a one-year prison prior term and prior serious felony conviction (§ 667, subd. (a)) and dismissal or retrial of the gang enhancement; and defense counsel conceded the firearm enhancement should comprise part of the reconstructed prison sentence. Irrespective, they contend the court did not abuse its discretion in refusing to dismiss either the firearm or gang enhancement. We agree with the People.

Initially, as the People note, defendant never argued for dismissal of the firearm enhancement or objected to the imposition of this enhancement. To the contrary, his counsel included the firearm enhancement in the requested sentence. Thus, he forfeited his challenge to this enhancement. (See *People v. Scott* (1994) 9 Cal.4th 331, 353 ["We conclude that the waiver doctrine should apply to claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices"]; *People v. Carmony*, *supra*, 33 Cal.4th at pp. 375–376 ["any failure on the part of a defendant to invite the court to dismiss under section 1385 … waives or forfeits his or her right to raise the issue on appeal"].)

Regardless, we reject his claim the court abused its discretion in declining to dismiss the firearm or gang enhancement on its merits. Notably, defendant does not argue that the language of section 1385, subdivision (c)(2)(B) and (C) renders mandatory the dismissal of an enhancement in the listed circumstances. And the courts that have interpreted the language of section 1385, subdivision (c)(2), including our own, have uniformly held the "shall be dismissed" language in section 1385, subdivision (c)(2)(B) and (C), when read in the context of the whole statute, does not make dismissal of an enhancement in those circumstances mandatory. (See *People v. Cota*, *supra*, 97

13.

Cal.App.5th at p. 335 [agreeing "with those courts that have held section 1385, subdivision (c)(2)(B) does not mandate dismissal of all enhancements beyond a single enhancement"]; *Walker*, *supra*, 86 Cal.App.5th at p. 396 [concluding "text and purpose of section 1385 in general, and Senate Bill No. 81 in particular, as well as the canons of statutory construction, counsel in favor of concluding" subdivision (c)(2)(B) "does not obligate trial courts to automatically dismiss all but one enhancement whenever a jury finds multiple enhancements to be true"], review granted; *People v. Lipscomb*, *supra*, 87 Cal.App.5th at p. 18 [mitigating circumstance of producing a sentence exceeding 20 years in prison "does not apply at all where the court finds that striking the enhancement would endanger public safety"]; *People v. Anderson* (2023) 88 Cal.App.5th 233, 239–240 [interpreting "shall be dismissed language" in § 1385, subd. (c)(2)(B), in context, means that "dismissal *shall* occur but only *if*, in exercising its discretion and giving great weight to certain factors, the court finds dismissal is in the interests of justice or would not endanger public safety"], review granted Apr. 19, 2023, S278786; *People v. Mendoza* (2023) 88 Cal.App.5th 287, 295–297 [holding "'shall be dismissed'" language in § 1385, subd. (c)(2)(C) "applies only if the court does *not* find that dismissal of the enhancement would endanger public safety"].)

Rather, defendant relies on *Walker*, *supra*, 86 Cal.App.5th 386, review granted, to argue the presence of mitigating circumstances under section 1385, subdivision (c)(2)(B) and (C) creates a rebuttable presumption that dismissal of an enhancement is warranted in the furtherance of justice. *Walker* reasoned, the great weight to be afforded to mitigating circumstances articulated in section 1385, subdivision (c)(2) requires "that trial courts are to rebuttably presume that dismissal of an enhancement is in the furtherance of justice (and that its dismissal is required) *unless* the court makes a finding that the resultingly shorter sentence due to dismissal 'would endanger public safety.'" (*Walker*, *supra*, at p. 398.)

But even assuming without deciding that *Walker*'s construction of the statute is correct, the trial court may still decline to dismiss an enhancement if it finds doing so would endanger public safety.[1]  (§ 1385, subd. (c)(2) ["[p]roof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, *unless the court finds that dismissal of the enhancement would endanger public safety*" (italics added)]; accord, *Walker*, *supra*, 86 Cal.App.5th at pp. 398–399 [concluding with regard to all the enumerated mitigating circumstances, "section 1385's use of the additional phrase 'great weight' … erects a presumption in favor of the dismissal of the enhancement *unless and until* the court finds that the dismissal would 'endanger public safety'" (italics added)], review granted.)  And here, the court expressly concluded that further shortening defendant's sentence by dismissing the enhancements would endanger public safety, which was sufficient to rebut any alleged presumption in favor of dismissal under section 1385, subdivision (c)(2)(B) or (C).  Also, contrary to defendant's argument, the statute did not require the court to discuss factors other than the danger to public safety in determining not to dismiss an enhancement.  Rather, by its plain terms, "[p]roof of the presence of one or more of [the enumerated] circumstances weighs greatly in favor of dismissing the enhancement, *unless the court finds that dismissal of the enhancement*

---

[1]The Courts of Appeal are split regarding how to construe and apply the requirement to "afford great weight" to evidence of the mitigating circumstances.  (§ 1385, subd. (c)(2); see *Walker*, *supra*, 86 Cal.App.5th at p. 398 ["[T]rial courts are to rebuttably presume that dismissal of an enhancement is in the furtherance of justice (and that its dismissal is required) *unless* the court makes a finding that the resultingly shorter sentence due to dismissal 'would endanger public safety'"], review granted; *People v. Ortiz* (2023) 87 Cal.App.5th 1087, 1097–1098 [disagreeing with the analysis in *Walker* that affording "'great weight'" to the mitigating circumstances creates a rebuttable presumption], review granted Apr. 12, 2023, S278894.)  In granting review in *Walker*, our Supreme Court requested briefing on the following:  "Does the amendment to … section 1385, subdivision (c) that requires trial courts to 'afford great weight' to enumerated mitigating circumstances (Stats. 2021, ch. 721) create a rebuttable presumption in favor of dismissing an enhancement unless the trial court finds dismissal would endanger public safety?" (*People v. Walker*, S278309, Supreme Ct. Mins., Mar. 22, 2023)  In light of the court's express finding that dismissal of the enhancements would endanger public safety, the disputed statutory language does not affect our analysis here.

15.

*would endanger public safety*." (§ 1385, subd. (c)(2); accord, *People v. Anderson*, *supra*, 88 Cal.App.5th at p. 240 [dismissal of an enhancement "*shall* occur but only *if*, in exercising its discretion and giving great weight to certain factors, the court finds dismissal is in the interests of justice or would not endanger public safety"], review granted.)

We also reject defendant's contention the court was required to find clear and convincing evidence that dismissal of the enhancement would endanger public safety. Defendant asserts this "quantum of proof" is "required under section 1172.75 (d)(1)." The plain language of section 1172.75 provides: "Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (*Id.*, at subd. (d)(1).) However, in accordance with this section, here, the court resentenced defendant to a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement as well as based upon its striking of the prior serious felony enhancement.

Notably, section 1385, subdivision (c) does not include a similar requirement that the court must find *by clear and convincing evidence* that dismissal of an enhancement would endanger public safety. Furthermore, as our colleagues explained in *People v. Anderson*, the initial drafts of Senate Bill No. 81 stated, "'There shall be a presumption that it is in the furtherance of justice to dismiss an enhancement upon a finding that any of the circumstances in subparagraphs (A) to (I), inclusive, are true. This presumption shall only be overcome by a showing of clear and convincing evidence that dismissal of the enhancement would endanger public safety.' (Sen. Amend. to Sen. Bill No. 81 (2021–2022 Reg. Sess.) Apr. 27, 2021.) However, the Assembly removed the presumption requiring clear and convincing evidence to overcome, replacing it with the more flexible discretionary language that now appears in section 1385, subdivision (c)(2).

16.

(See Assem. Amend. to Senate Bill No. 81 (2021-2022 Reg. Sess.) Aug. 30, 2021.)"
(*People v. Anderson*, *supra*, 88 Cal.App.5th at p. 240, review granted.)  Thus, the codified version of the statute does not include a *clear and convincing evidence* requirement.  We decline to read such language into the statute.  (See *People v. Guzman* (2005) 35 Cal.4th 577, 587 ["'insert[ing]' additional language into a statute 'violate[s] the cardinal rule of statutory construction that courts must not add provisions to statutes'"].)

Nor can we conclude the court abused its broad discretion in declining to strike the section 12022.53 firearm enhancement or the gang enhancement.  Rather, the court had evidence before it that in a short span of time defendant committed an aggravated robbery and then, a year after he was released from parole, he committed the instant robbery during which he used a gun.  On this record, we cannot conclude its finding, that shortening defendant's sentence further by striking additional enhancements would endanger public safety, was irrational or arbitrary.

Accordingly, we reject defendant's contention.

## DISPOSITION

The order is affirmed.

PEÑA, J.

WE CONCUR:

LEVY, Acting P. J.

DETJEN, J.

17.